# No. 21-88 (L)

## No. 21-96 (XAP), No. 21-114 (XAP)

# United States Court of Appeals
## for the
## Second Circuit

CASEY CUNNINGHAM, CHARLES E. LANCE, STANLEY T. MARCUS, LYDIA PETTIS, and JOY VERONNEAU, individually and as representatives of a class of participants and beneficiaries on behalf of the Cornell University Retirement Plan for the Employees of the Endowed Colleges at Ithaca and the Cornell University Tax Deferred Annuity Plan,

*Plaintiffs-Appellants/Cross-Appellees,*

– v. –

CORNELL UNIVERSITY, THE RETIREMENT PLAN OVERSIGHT COMMITTEE, MARY G. OPPERMAN, and CAPFINANCIAL PARTNERS, LLC D/B/A CAPTRUST FINANCIAL ADVISORS,

*Defendants-Appellees/Cross-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**REPLY OF DEFENDANT-APPELLEE/CROSS-APPELLANT
CAPFINANCIAL PARTNERS, LLC**

ERIC S. MATTSON
JOSEPH R. DOSCH
CAROLINE A. WONG
MEREDITH R. ASKA MCBRIDE (ADMISSION PENDING)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

*Attorneys for Defendant-Appellee/Cross-Appellant CapFinancial Partners, LLC*

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

ARGUMENT ........................................................................................................2

    I.    Plaintiffs Have No Right To A Jury Trial Because The Monetary Relief They Seek Is Equitable Relief. ..................................2

        A.    *Pereira* Has Been Overruled By *Amara*. ....................................3

        B.    *Amara* Remains Good Law And Applies Here. .........................4

CONCLUSION .....................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases** Page(s)

*Beck v. Levering*,
    947 F.2d 639 (2d Cir. 1991) ................................................................6

*Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund
    v. Moulton Masonry & Constr., LLC*,
    779 F.3d 182 (2d Cir. 2015) ................................................................7

*Chao v. Merino*,
    452 F.3d 174 (2d Cir. 2006) ................................................................6

*Chemung Canal Tr. Co. v. Sovran Bank/Maryland*,
    939 F.2d 12 (2d Cir. 1991) ..................................................................6

*CIGNA Corp. v. Amara*,
    563 U.S. 421 (2011).................................................................3, 4, 5, 6

*Gompers v. Buck's Stove & Range Co.*,
    221 U.S. 418 (1911)..............................................................................7

*Granfinanciera S.A. v. Nordberg*,
    492 U.S. 33 (1989)................................................................................2

*Great-West Life & Annuity Ins. Co. v. Knudson*,
    534 U.S. 204 (2002).........................................................................3, 4

*Mass. Mut. Life Ins. Co. v. Russell*,
    473 U.S. 134 (1985)..............................................................................8

*McComb v. Jacksonville Paper Co.*,
    336 U.S. 187 (1949)..............................................................................7

*Mertens v. Hewitt Assocs.*,
    508 U.S. 248 (1993)..............................................................................5

*Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*,
    577 U.S. 136 (2016)..............................................................................5

*Pereira v. Farace*,
    413 F.3d 330 (2d Cir. 2005) ....................................................1, 2, 3, 4

*SEC v. Texas Gulf Sulphur Co.*,
   446 F.2d 1301 (2d Cir. 1971) ................................................................................7

*Shipping Corp. of India Ltd. v. Jaldhi Overseas PTE Ltd.*,
   585 F.3d 58 (2d Cir. 2009) ..................................................................................4

*In re Zarnel*,
   619 F.3d 156 (2d Cir. 2010) ................................................................................4

**Statutes**

29 U.S.C. § 1132(a)(3) ................................................................................................4

## INTRODUCTION

Plaintiffs brought claims for breach of fiduciary duty under Sections 1109(a) and 1132(a)(2) of ERISA, seeking monetary relief in an amount that would "make good to the Plans all losses . . . resulting from each breach of fiduciary duty." Dkt. 210 ("Pls.' Reply") at 57. They argue that this is a form of legal relief, not equitable relief, and that they therefore have a right to a jury trial.

*CIGNA Corp. v. Amara*, 563 U.S. 421 (2011), forecloses Plaintiffs' argument. Looking to the common law of trusts in which ERISA finds its roots, *Amara* held that monetary relief for breach of fiduciary duty claims under ERISA is an "exclusively equitable" remedy. *Id.* at 442. *Amara* controls—not the two decisions Plaintiffs rely on, *Pereira v. Farace*, 413 F.3d 330 (2d Cir. 2005), and *Montanile v. Board of Trustees of National Elevator Industry Health Benefit Plan*, 577 U.S. 136 (2016). *Pereira* predates *Amara* and cannot survive *Amara*'s analysis, while *Montanile* does not address claims for breach of fiduciary duty.

Plaintiffs do not dispute that their requested remedy is a traditional equitable remedy. Instead, they argue that Section 1109(a) overrides this common-law backdrop by authorizing not just equitable relief, but also "remedial relief," which Plaintiffs say means "non-equitable" or "legal" relief. Pls.' Reply at 55–57. This reading of Section 1109(a) conflicts with decades of precedent and the legislative history, which make clear that "remedial relief" was traditionally available in

1

courts of equity and means backward-looking relief that is necessary to make a plaintiff fully whole—not "non-equitable" or "legal" relief.

For these reasons and those in the Cornell Defendants' reply (incorporated by reference), the monetary relief Plaintiffs seek is equitable rather than legal. Plaintiffs therefore have no right to have their claims tried before a jury.

## ARGUMENT

**I. Plaintiffs Have No Right To A Jury Trial Because The Monetary Relief They Seek Is Equitable Relief.**

Plaintiffs have a right to a jury trial only if they seek legal relief rather than equitable relief. *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). To determine whether relief is legal or equitable, courts must (i) compare the claims to "18th-century actions brought in the courts of England prior to the merger of the courts of law and equity," and (ii) determine whether the remedy sought "is legal or equitable in nature." *Id.*

Plaintiffs do not dispute that the first prong of this test weighs against a right to a jury trial. They argue that the second prong is more important than the first, and that the second weighs in favor of a jury trial right because the remedy they seek is legal under *Pereira v. Farace*, 413 F.3d 330 (2d Cir. 2005). Plaintiffs are incorrect. *Pereira* does not control, and the relief they seek is equitable.

### A. *Pereira* Has Been Overruled By *Amara*.

*Pereira* is not about ERISA. It held that a bankruptcy trustee had a right to a jury trial for claims seeking monetary relief for breach of fiduciary duty under Delaware common law. 413 F.3d at 336–37. Its holding was based in part on a sentence from the then-recent decision in *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002), which the *Pereira* majority read as treating monetary relief as equitable only when the plaintiff sought the return of "particular funds or property in the defendant's possession." 413 F.3d at 340 (quoting *Great-West*, 534 U.S. at 214) (emphasis omitted).

This Court should not extend *Pereira* to Plaintiffs' ERISA claims. First, *Pereira* was on shaky ground when it was decided. As the concurrence pointed out, its holding contradicted the "literally black letter" rule that "remedies against a fiduciary, such as a trustee, are ***exclusively equitable***." *Id.* at 344–45 (Newman, J., concurring) (emphasis added) (collecting treatises). It also contradicted "[a]bundant case law" explaining that monetary relief for a breach of fiduciary duty is available "in equity." *Id.* (collecting cases). And the sentence it relied on from *Great-West* is dictum that *Great-West* itself calls into question. *Id.* at 344. Earlier in *Great-West*, the Supreme Court explained that monetary relief can be "an ***equitable*** remedy . . . when ordered in an equity case . . . depend[ing] on the basis

3

for the plaintiff's claim and the nature of the underlying remedies sought." 534 U.S. at 213 (cleaned up and emphasis added).

In any event, *Pereira* has been overruled by *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011).[1] *Amara* addressed the relief available under the provision of ERISA that permits "appropriate equitable relief." 29 U.S.C. § 1132(a)(3). After analyzing the remedies historically available in equity against a fiduciary trustee, *Amara* held that "appropriate equitable relief" includes monetary relief to make plaintiffs whole for losses caused by a breach of fiduciary duty. 563 U.S. at 442. "[T]he fact that this relief takes the form of a money payment does not remove it from the category of traditionally equitable relief." *Id.* at 441.

### B.  *Amara* Remains Good Law And Applies Here.

Plaintiffs argue that *Amara* is inapposite for two reasons. Neither is persuasive.

First, Plaintiffs argue that the Supreme Court's decision in *Montanile* narrowed *Amara* by holding that monetary relief is equitable only if the requested

---

[1] If this Court concludes that *Amara* has not already overruled *Pereira*, the Court can and should overrule *Pereira* now. *See In re Zarnel*, 619 F.3d 156, 168 (2d Cir. 2010) ("[I]f there has been an intervening Supreme Court decision that casts doubt on our controlling precedent, one panel of this Court may overrule a prior decision of another panel.") (quotation marks omitted). The Court may also employ the "mini-*en banc*" procedure to overrule a prior decision as discussed in, among other opinions, *Shipping Corp. of India Ltd. v. Jaldhi Overseas PTE Ltd.*, 585 F.3d 58, 67 & n.9 (2d Cir. 2009).

4

money comes from particular funds in the defendant's possession, rather than from the defendant's general assets. Pls.' Reply at 56–57. But *Montanile* did not involve claims for breach of fiduciary duty. The defendant was a plan beneficiary injured in a severe car crash; he later recovered a settlement from the driver who hit him. *Montanile*, 577 U.S. at 140. Instead of repaying the plan for his medical expenses, as he was obligated to do under the plan document, he spent most of the money. *Id.* The plan fiduciaries then sued to recover the money the plan paid for his medical expenses. *Id.* at 140–41. The Court held that this relief—from a non-fiduciary—was legal rather than equitable because the plaintiffs sought to recover from the defendant's general assets, not particular funds or property. *Id.* at 139, 143–46.

    *Montanile* is inapposite for a simple reason: It never addressed claims for breach of fiduciary duty, like the claims at issue in *Amara* and this case.[2] As *Amara* explained, "monetary 'compensation' for a loss resulting from a trustee's breach of duty" was "exclusively equitable" before the merger of law and equity. 563 U.S. at 442. The plaintiffs in *Montanile*, in contrast, sought to enforce subrogation rights against a non-fiduciary. And *Montanile* did not disturb *Amara*'s observation that monetary relief against a trustee for breach of fiduciary duty is

---

[2] *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993), which Plaintiffs cite in their reply, is distinguishable for the same reason. *See id.* at 251 (addressing the extent to which "ERISA authorizes suits for money damages against nonfiduciaries").

equitable in nature—an observation that was itself based on ample, abundant, and ancient precedent. *Amara*, 563 U.S. at 441–42 (collecting authorities).

Second, Plaintiffs contend that *Amara* does not control because it involved claims for relief under Section 1132(a)(3), not claims under Section 1132(a)(2). Pls.' Reply at 54–55. Section 1132(a)(2) allows participants to sue for "appropriate relief under section 1109 of this title." In turn, Section 1109(a) allows suits against fiduciaries for, among other things, "equitable or remedial relief." Plaintiffs say their requested relief falls in the category of "remedial relief," and that "remedial relief" is surplusage unless it is read to mean "non-equitable" or "legal" relief. Pls.' Reply at 55–57.

The Court should reject this attempt to alchemize "remedial" into "legal." "Remedial relief" under Section 1109(a) does not authorize "legal relief." It simply confirms that courts may order remedies that return plaintiffs to the status quo. In other words, it ensures that courts can redress past harms by "fashion[ing] other remedies" beyond those otherwise described in the statute, "including those developed under the law of trusts, tailored to the special nature of employee benefit plans." *Beck v. Levering*, 947 F.2d 639, 641 (2d Cir. 1991); *see also, e.g.*, *Chao v. Merino*, 452 F.3d 174, 185 (2d Cir. 2006) (noting that ERISA gives courts "wide discretion" to fashion relief); *Chemung Canal Tr. Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 16–18 (2d Cir. 1991) (ERISA reflects Congress's intent for courts to

6

"fill any gaps in the statute"). For example, "remedial relief" under Section 1109(a) can include prejudgment interest, *see Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 190 (2d Cir. 2015), which may not have been a traditional equitable remedy but may be necessary to make a plaintiff whole.

    Courts have long recognized that "remedial relief" was available in equity. It was sometimes monetary, but always intended to restore the wronged party to its original or proper state—as opposed to forms of relief serving other purposes, such as punishment or deterrence, which were generally inappropriate in equity. *See, e.g.*, *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193–94 (1949) ("[T]he requirements of full remedial relief . . . may entail the doing of a variety of acts, such as the production of books" and "may also require the payment of money."); *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 449 (1911) ("There was therefore a departure . . . between the procedure adopted and the punishment imposed, when, in answer to a prayer for remedial relief, in the equity cause, the court imposed a punitive sentence."); *SEC v. Texas Gulf Sulphur Co.*, 446 F.2d 1301, 1307–08 (2d Cir. 1971) (holding that the SEC can seek relief other than injunctive relief, "so long as such relief is remedial relief and is not a penalty assessment," "as an ancillary remedy in the exercise of the courts' general equity powers to afford complete relief"). Plaintiffs' proposed definition of "remedial" as

7

necessarily "non-equitable" is irreconcilable with this historical understanding of the remedial relief available in courts of equity.

Plaintiffs are also reading words into the statute that Congress outright rejected. An "early version of [§ 1109(a)] contained a provision for 'legal or equitable' relief that was described in both the Senate and House Committee Reports as authorizing 'the full range of legal and equitable remedies available in both state and federal courts.'" *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 145–46 (1985). "But that language appeared in Committee Reports describing a version of the bill before the debate on the floor and before the Senate-House Conference Committee had finalized the operative language. In the bill passed by the House of Representatives and ultimately adopted by the Conference Committee ***the reference to legal relief was deleted***." *Id.* at 146 (emphasis added). This Court should not read it back in.

Finally, Plaintiffs argue that they seek "money damages," Pls.' Reply at 53, but the words "money damages" (or even "damages") are conspicuously absent from Section 1109 of ERISA and from Plaintiffs' own complaint. *See* A47–186. This mischaracterization of Plaintiffs' claims cannot entitle them to a jury trial.

## **CONCLUSION**

This Court should affirm the judgment of the district court. If the Court reverses and remands any of Plaintiffs' claims, it should instruct that if any claim

8

proceeds to a trial, the district court must conduct a bench trial rather than a jury trial.

Dated: October 18, 2021

Respectfully submitted,

By: */s/ Eric S. Mattson*
Eric S. Mattson
Joseph R. Dosch
Caroline A. Wong
Meredith R. Aska McBride*
   *admission pending
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
emattson@sidley.com
jdosch@sidley.com
caroline.wong@sidley.com
meredith.mcbride@sidley.com

*Attorneys for Defendant-Appellee/Cross-Appellant CapFinancial Partners, LLC*

9

# **CERTIFICATE OF COMPLIANCE**

1.  This brief complies with the type-volume limitations of Fed. R. App. P. 28.1(e)(2)(B), as modified by Local Rule 28.1.1(b), because, excluding the parts of the brief exempted by Fed. R. App P. 32(f), this brief contains 1,982 words.

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

Dated: October 18, 2021

*/s/ Eric S. Mattson*
Eric S. Mattson

*Attorney for Defendant-*
*Appellee/Cross-Appellant*
*CapFinancial Partners, LLC*

## CERTIFICATE OF SERVICE

I certify that on October 18, 2021, a copy of the foregoing was electronically filed and served on all counsel of record using the Court's CM/ECF System.

                                              */s/ Eric S. Mattson*
                                              Eric S. Mattson

                                              *Attorney for Defendant-Appellee/Cross-Appellant CapFinancial Partners, LLC*