# No. 21-88 (L)

### 21-96 (XAP), 21-114 (XAP)

## United States Court of Appeals
### *for the*
## Second Circuit

---

CASEY CUNNINGHAM, CHARLES E. LANCE, STANLEY T. MARCUS, LYDIA PETTIS, and JOY VERONNEAU, individually and as representatives of a class of participants and beneficiaries of the Cornell University Retirement Plan for the Employees of the Endowed Colleges at Ithaca & the Cornell University Tax Deferred Annuity Plan,

*Plaintiffs-Appellants-Cross-Appellees,*

– v. –

CORNELL UNIVERSITY, THE RETIREMENT PLAN OVERSIGHT COMMITTEE, MARY G. OPPERMAN, and CAPFINANCIAL PARTNERS, LLC D/B/A CAPTRUST FINANCIAL ADVISORS,

*Defendants-Appellees-Cross-Appellants.*

---

On Appeal from the United States District Court for the Southern District of New York, Hon. P. Kevin Castel, No. 16-cv-6525

## REPLY BRIEF OF THE CORNELL DEFENDANTS

Nancy G. Ross
Michael A. Scodro
Samuel P. Myler
Jed W. Glickstein
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
nross@mayerbrown.com

Michelle N. Webster
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
(202) 263-3000
mwebster@mayerbrown.com

*Counsel for Defendants-Appellees-Cross-Appellants Cornell University, The Retirement Plan Oversight Committee, and Mary G. Opperman*

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................1

ARGUMENT .......................................................................................2

I. *Pereira* Is No Longer Good Law.................................................2

II. Plaintiffs' Distinction Between § 1132(a)(2) and (3) Is Unavailing..............4

III. *Montanile* Does Not Support Plaintiffs. ..................................6

IV. Former Plan Participants Do Not Have A Jury Trial Right. ........9

    A. Plaintiffs Misinterpret The Restatement Of Trusts. ...........10

    B. Plaintiffs Misinterpret And Misapply *Dixon*.....................12

    C. Plaintiffs' Argument Would Require Decertification........14

CONCLUSION ...................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell v. Pension Comm. of Ath Holding Co., LLC*,
  2016 WL 4088737 (S.D. Ind. Aug. 1, 2016) .......................................................9

*Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry*,
  494 U.S. 558 (1990).........................................................................................2

*CIGNA Corp. v. Amara*,
  563 U.S. 421 (2011)..................................................................................*passim*

*Dixon v. Nw. Nat'l Bank of Minneapolis*,
  97 F. Supp. 485 (D. Minn. 1969).......................................................................12

*Fifth Third Bancorp v. Dudenhoeffer*,
  573 U.S. 409 (2014).......................................................................................10

*Great-West Life & Annuity Ins. Co. v. Knudson*,
  534 U.S. 204 (2002).................................................................................*passim*

*In re Baker & Getty Fin. Servs., Inc.*,
  954 F.2d 1169 (6th Cir. 1992) ...........................................................................14

*In re Ben Cooper, Inc.*,
  896 F.2d 1394 (2d Cir. 1990) ...........................................................................14

*Jo Ann Howard & Assocs., P.C. v. Cassity*,
  868 F.3d 637 (8th Cir. 2016) ...........................................................................13

*Mertens v. Hewitt Assocs.*,
  508 U.S. 248 (1993).........................................................................................6

*Moitoso v. FMR LLC*,
  410 F. Supp. 3d 320 (D. Mass. 2019)..........................................................5, 9, 13

*Montanile v. Bd. of Tr. of Nat'l Elevator Indus. Health Benefit Plan*,
  577 U.S. 136 (2016)..................................................................................6, 7, 8, 9

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*N.Y. State Psychiatric Ass'n v. UnitedHealth Grp.*,
  798 F.3d 125 (2d Cir. 2015) ...................................................................4

*Nobile v. Pension Comm. of Pension Plan for Employers of New
  Rochelle Hosp.*,
  611 F. Supp. 725 (S.D.N.Y. 1985) ......................................................13

*Pereira v. Farace*,
  413 F.3d 330 (2d Cir. 2005) .........................................................*passim*

*Perez v. Silva*,
  185 F. Supp. 3d 698 (D. Md. 2016)........................................................5

*Pledger v. Reliance Trust Co.*,
  2017 WL 11568409 (N.D. Ga. Nov. 7, 2017) ......................................9

*Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*,
  721 F.3d 95 (2d Cir. 2013) ...................................................................15

*Rachal v. Ingram Corp.*,
  795 F.2d 1210 (5th Cir. 1986) ............................................................14

*Sacerdote v. New York Univ.*,
  9 F.4th 95 (2d Cir. 2021) .......................................................................1

*Sereboff v. Mid Atl. Med. Servs., Inc.*,
  547 U.S. 356 (2006)..........................................................................6, 7

*Tracey v. Mass. Inst. of Tech.*,
  395 F. Supp. 3d 150 (D. Mass. 2019)....................................................9

*United States v. Harris*,
  838 F.3d 98 (2d Cir. 2016) ....................................................................8

*US Airways, Inc. v. McCutchen*,
  569 U.S. 88 (2013)................................................................................6

*Vartanian v. Monsanto Co.*,
  880 F. Supp. 63 (D. Mass. 1995)........................................................13

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**Statutes**

29 U.S.C. § 1109(a) ........................................................................................4, 5

29 U.S.C. § 1132(a) ........................................................................................4, 5

28 U.S.C. § 2072(b) ...........................................................................................14

**Other Authorities**

Restatement (Second) of Trusts (1959)

    § 197........................................................................................................10

    § 198................................................................................................10, 11, 12

## CITATION FORMAT

| Abbreviation | Description |
|---|---|
| A_ | Plaintiffs-Appellants' Appendix |
| Cornell Br._ | Principal & Response Brief of the Cornell Defendants |
| Pls. Br._ | Plaintiffs-Appellants' Principal Brief |
| Pls. Resp._ | Plaintiffs-Appellants' Reply & Cross-Appellees' Response Brief |

## INTRODUCTION

As the Supreme Court has made clear, claims seeking "make whole" monetary relief for breach of fiduciary duty are quintessentially equitable; the fact that the relief "takes the form of a money payment does not remove it from the category of traditional equitable relief." *CIGNA Corp. v. Amara*, 563 U.S. 421, 441 (2011). Indeed, "prior to the merger of law and equity, this kind of monetary remedy against a trustee, sometimes called a 'surcharge,' was '*exclusively equitable*.'" *Id*. at 442 (emphasis added). The vast majority of courts to address the question in recent years have concluded that plaintiffs do not have a Seventh Amendment right to a jury trial for such claims. Cornell Br.66-67.

Plaintiffs' attempt to demonstrate an entitlement to a jury trial notwithstanding *Amara* misreads Supreme Court authority and rests on meaningless distinctions. Because the district court properly granted summary judgment to Cornell, a decision this Court should affirm in all respects, this Court need not address Plaintiffs' mistaken arguments. If the Court concludes, however, that there are genuine issues of material fact requiring a trial on any claim, it should reverse the district court's denial of Cornell's motion to strike the jury demand and require Plaintiffs to proceed with a bench trial on any such claim. [1]

---

[1] As previously noted, Cornell Br.63 n.22, plaintiffs in the NYU case raised this issue in their then-pending appeal before this Court. The Court did not address the merits in that appeal, concluding that plaintiffs had waived any objection to a bench trial. *Sacerdote v.*

1

**ARGUMENT**

The parties agree that the jury trial question is governed by a two-step test that asks (1) whether the action would have been considered legal or equitable in 18th century England, and (2) whether the remedy sought is legal or equitable in nature. Cornell Br.63-64; Pls. Resp.53.

Plaintiffs do not dispute that historically such actions were "within the exclusive jurisdiction of courts of equity." Cornell Br.63 (quoting *Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry*, 494 U.S. 558, 567 (1990)). Step one of the test thus plainly favors Cornell.

At step two, Plaintiffs contend that they seek a legal remedy in the form of an order requiring Cornell to "make good to the Plans all losses … resulting from each breach of fiduciary duty." Pls. Resp.57 (quoting A185). But as shown below, the Supreme Court has explained that such relief is an equitable rather than legal remedy. Both prongs of the test therefore strongly support the conclusion that no jury trial right exists.

**I.     *Pereira* Is No Longer Good Law.**

The crux of Plaintiffs' claimed right to a jury trial is simple: "*Pereira* controls." Pls. Resp.53. The problem with this assertion is also simple. The Supreme Court has expressly rejected the legal basis for *Pereira*'s holding.

---

*New York Univ.*, 9 F.4th 95, 117-18 (2d Cir. 2021).

As Cornell's opening brief explained, *Pereira v. Farace*, 413 F.3d 330, 340 (2d Cir. 2005), was based on an extension of the Supreme Court's decision in *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002). The defendants in *Pereira*, unlike the defendants in *Great-West*, were fiduciaries. Despite this distinction, the panel in *Pereira* extended *Great-West*'s holding to apply to cases that "involve[d] only non-fiduciary defendants," believing that this Court was "compelled" to read *Great-West* "as broadly as it is written." 413 F.3d at 340.

In *CIGNA Corp. v. Amara*, the Supreme Court rejected precisely this extension of *Great-West*, on which the ruling in *Pereira* depends. *Amara* recognized that "traditionally speaking, relief that sought a lien or constructive trust was legal relief, not equitable relief." 563 U.S. at 439 (citing *Great-West*). But, the Court continued, this "traditional" principle—which applied in *Great-West* because the plaintiff sued a non-fiduciary beneficiary—did not apply in "a suit by a beneficiary against a *plan fiduciary*." *Id.* (emphasis added). For such suits, equity had historically provided a broad remedy "in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty." *Id.* at 441. Therefore, *Amara* concluded, when ERISA plaintiffs seek a surcharge remedy to recover monetary compensation for alleged breach of fiduciary duty by defendants, they are seeking equitable, not legal, relief. *Id.* at 442.

In short, *Amara* explained, whether a defendant is a fiduciary "analogous to a trustee" makes a "*critical difference*" in assessing whether a plaintiff's request for monetary relief should be characterized as legal or equitable. *Id.* (emphasis added). *Pereira* had extended *Great-West* to suits against fiduciaries only by disregarding that "critical difference," and is therefore no longer good law for that point.

## II. Plaintiffs' Distinction Between § 1132(a)(2) and (3) Is Unavailing.

Plaintiffs ignore *Amara*'s substantive reasoning and contend that the case is inapposite because it "involved claims under 29 U.S.C. § 1132(a)(3)" rather than (as here) § 1132(a)(2). Pls. Resp.54-55. But that distinction is meaningless. The Seventh Amendment inquiry turns on the "nature" of the remedy the plaintiff seeks. Pls. Resp.53. Here, Plaintiffs seek an order that Cornell "make good to the Plans all losses … resulting from each breach of fiduciary duty." A185. And this Court has unequivocally stated that a claim for "losses flowing from … breach of fiduciary duty" is one for "true equitable relief." *N.Y. State Psychiatric Ass'n v. UnitedHealth Grp.*, 798 F.3d 125, 134-35 (2d Cir. 2015) (citing *Amara*).

In any event, there is nothing to the distinction Plaintiffs seek to draw between §1132(a)(2) and (a)(3). Plaintiffs argue that § 1132(a)(2)—by way of § 1109(a)—provides for both "equitable" and "remedial" relief for violations of fiduciary duty, and therefore that the potential relief they might seek in this action is not "limited solely to equitable relief." Pls. Resp.55. As explained in CAPTRUST's concurrently

4

filed reply brief, which Cornell incorporates by reference, Plaintiffs' assumption that "remedial" relief means "legal" relief ignores the text and history of the statute. But even assuming that § 1109(a) allows a plaintiff to seek equitable and non-equitable relief (or both), this would do nothing to advance Plaintiffs' claim.

The question here is what kind of relief Plaintiffs *actually* seek, not the range of relief the statute potentially authorizes. As just discussed, what Plaintiffs seek is the equitable remedy of surcharge. *See Moitoso v. FMR LLC*, 410 F. Supp. 3d 320, 331 (D. Mass. 2019) (rejecting Plaintiffs' argument because reading § 1109(a) "to authorize surcharge would not eviscerate any relevant distinction between 'equitable' and 'remedial' relief"); *Perez v. Silva*, 185 F. Supp. 3d 698, 704 n.11 (D. Md. 2016) (striking jury trial demand in § 1132(a)(2) case where court "would be hard-pressed to characterize the Secretary's requested relief as legal in light of *Amara*'s discussion of surcharge"). The fact that § 1109(a) also allows a plaintiff to seek "remedial" relief does not transform Plaintiffs' request for equitable surcharge into a non-equitable remedy.[2]

---

[2] Plaintiffs concede that, besides their "make whole" request, all of the relief they seek is equitable in nature. Indeed, Plaintiffs' request for equitable relief is one of bases on which they challenge the district court's summary judgment order. *See* Pls. Br.57 ("Plaintiffs seek equitable relief"); Pls. Resp.47-48 (discussing "request for certain equitable remedies").

**III.    *Montanile* Does Not Support Plaintiffs.**

Plaintiffs' next argument (at Pls. Resp.56) is that *Montanile v. Board of Trustees of National Elevator Industry Health Benefit Plan*, 577 U.S. 136 (2016), silently overruled *Amara*'s discussion of equitable surcharge against a fiduciary, restoring the law as it stood when this Court decided *Pereira*. A glance at the opinion shows that Plaintiffs are wrong. *Montanile* merely, and unsurprisingly, rejected the argument that *Amara*'s discussion of equitable surcharge should be extended to cases against non-fiduciaries.

The fact that *Montanile*, unlike *Amara*, involves non-fiduciary defendants is obvious. The plaintiff in *Montaile* was "the plan fiduciary," seeking "reimbursement for medical expenses after the plan beneficiary or participant recovered money from a third party." 577 U.S. at 142. Predictably, all of the decisions *Montanile* discussed in analyzing whether the fiduciary-plaintiff was seeking legal or equitable relief likewise concerned claims against non-fiduciaries. *See US Airways, Inc. v. McCutchen*, 569 U.S. 88 (2013); *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356 (2006); *Great-West*, 534 U.S. 204; *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993). As *Montanile* observed, *Amara* is perfectly consistent with this authority, for *Amara* "reaffirmed" that "traditionally speaking"—*i.e.*, outside of suits against a trustee for breach of fiduciary duty—"relief that sought a lien or a constructive trust was legal relief, not equitable relief, unless the funds in question were 'particular funds or

property in the defendant's possession.'" *Montanile*, 577 U.S. at 148 n.3 (quoting *Amara*, 563 U.S. at 439, in turn quoting *Great-West*, 534 U.S. at 213).

*Montanile*'s brief discussion of *Amara* did not address equitable surcharge remedies against a fiduciary—the relief at issue in *Amara*, and that Plaintiffs seek here. Instead, *Montanile* rejected the respondent's contention that *Amara* had "all but overrul[ed]" *Great-West* and other non-fiduciary defendant cases. *Montanile*, 577 U.S. at 148 n.3 (explaining that "our interpretation of 'equitable relief'" in cases like *Sereboff* and *Mertens* "remains unchanged"). That was undoubtedly correct, but just as *Amara* did not "overrule" cases governing the classification of remedies against non-fiduciaries, *Montanile* did not undermine *Amara*'s classification of a surcharge remedy as "traditional equitable relief" against fiduciary defendants. *Amara*, 563 U.S. at 440. The Court simply had no occasion to address this question, because the defendant in *Montanile* was a participant, whereas in *Amara*—as in this case—the "critical difference" was that the defendant was a fiduciary, who is "analogous to a trustee." *Id*. at 442 (distinguishing *Mertens* on this basis).[3]

---

[3] Both the petitioners and the United States in *Montanile* recognized this distinction. *See* Pet'rs Reply at 5, *Montanile*, 2015 WL 6502104 (*Amara*'s logic "was rooted directly in the particular claim at issue: unlike the vast majority of equity cases, in fiduciary cases, monetary damages may be recovered from a breaching *fiduciary's* general assets because of the specific equitable remedy of surcharge" and that rule "is exactly the opposite of the traditional rules that apply in all *non-fiduciary* settings"); U.S. Br. at 20 n.5, *Montanile*, 2015 WL 4237676 ("This Court recently held that ERISA Section 502(a)(3) allows a suit by a plan participant for an equitable surcharge against a plan fiduciary. . . . But nothing in the statutory scheme itself imposes similar fiduciary obligations on plan participants.").

That *Montanile* referred to *Amara*'s discussion of equitable relief as "not essential to resolving that case," 577 U.S. at 148 n.3, does not help Plaintiffs. As a threshold matter, that characterization was itself dictum, for again, as the Court recognized, there is no tension between *Amara* and the other cited decisions.

Nevertheless, if *Amara* is dictum, then so too is *Great-West*. *See Pereira*, 413 F.3d at 346 (Newman, J., concurring) (concluding that *Great-West* is "dictum with respect to an action against a fiduciary because the defendant in *Great-West* was not a fiduciary"). And it makes no sense to treat *Great-West*'s dictum as controlling outside the non-fiduciary-defendant context, but to disregard *Amara*'s unambiguous statement (in a fiduciary-defendant case like this one) that the distinction between fiduciaries and non-fiduciaries is "critical." 563 U.S. at 442. That is particularly true because, but for this Court's misreading of *Great-West* in *Pereira*—an interpretation the panel erroneously thought was "compelled" by the rationale of the Supreme Court's decision—the relief Plaintiffs seek clearly would have been considered equitable under circuit law. *See* Cornell Br.64; *Pereira*, 413 F.3d at 339-40 (discussing prior circuit decision that characterized monetary relief against a fiduciary as equitable even though defendant did not possess the funds in question).

Whatever label is applied to *Amara*'s discussion of equitable surcharge relief, then, this Court should follow it. *See United States v. Harris*, 838 F.3d 98, 107 (2d Cir. 2016) ("[W]e are obligated 'to accord great deference to Supreme Court dicta,'

absent a change in the legal landscape."). Indeed, courts have repeatedly rejected the argument that *Montanile* abrogates *Amara* or converts equitable surcharge remedies against fiduciaries into legal remedies requiring a jury trial. In *Moitoso v. FMR LLC*, for instance, the court concluded that while *Montanile* demonstrated that "legal remedies that an equity court could award when a nonfiduciary appears before it in an ancillary matter are not equitable remedies," the case "did not repudiate *Amara*'s distinction," which applies a different rule where the defendant is a fiduciary. 410 F. Supp. 3d at 328. In *Pledger v. Reliance Trust Co.*, 2017 WL 11568409 (N.D. Ga. Nov. 7, 2017), the court similarly held that *Montanile* did not disturb *Amara*'s conclusion that "the fact that a fiduciary defendant 'is analogous to a trustee' makes 'a critical difference' in whether an award of make-whole relief is categorized as legal or equitable." *Id*. at *5. Numerous decisions are in accord. *E.g.*, *Tracey v. Mass. Inst. of Tech.*, 395 F. Supp. 3d 150, 152-54 (D. Mass. 2019); *Bell v. Pension Comm. of Ath Holding Co., LLC*, 2016 WL 4088737, at *2 (S.D. Ind. Aug. 1, 2016). Although their own counsel brought several of these cases, Plaintiffs do not mention these decisions, much less offer any reason to reject their rationales.

## IV.    Former Plan Participants Do Not Have A Jury Trial Right.

Plaintiffs' fallback argument is equally meritless. Plaintiffs claim that certain class members may have "closed Plan accounts that suffered losses during the class period" and that these members would be entitled to a jury trial even if current

participants are not. Pls. Resp.58-59. Plaintiffs offer no evidence that any such class members exist, citing only a complaint allegation that a named plaintiff is retired. A56. Regardless, Plaintiffs' authority is inapposite, and their argument, if accepted, would undercut Plaintiffs' ability to bring this class action at all.

### A.    Plaintiffs Misinterpret The Restatement Of Trusts.

The Restatement of Trusts provides that, "[e]xcept as stated in § 198, the remedies of the beneficiary against the trustee are exclusively equitable." Restatement (Second) of Trusts § 197 (1959). Plaintiffs' argument rests on one of the narrow exceptions in § 198: That "[i]f the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment." *Id*. § 198(1).[4]

But Plaintiffs cannot identify any "immediate and unconditional" duty to pay that would permit an action at law under § 198(1). First, Cornell is under no duty to pay the class members anything until the court enters a finding of liability on Plaintiffs' claims. Absent such a finding, there is nothing for Plaintiffs to "enforce."

Second, the duty that underlies Plaintiffs' claims in this case—Cornell's fiduciary duty to manage the Plans prudently—is inherently discretionary and "context specific." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014).

---

[4] Plaintiffs do not claim that the other exception, which applies when a trustee has a duty to transfer chattel, is relevant. *See* Restatement (Second) of Trusts § 198(2).

That is far removed from an "immediate" and "unconditional" duty under § 198(1). That exception does not apply where the applicable duty requires the trustee to exercise discretion or judgment. Restatement § 198 cmt. c & illus. 5 ("A bequeaths $100,000 to B in trust to pay to C or apply for C's benefit so much of the income as is necessary for C's support. C cannot maintain an action at law against B.").

Plaintiffs respond that class members "who are now retired" may have an immediate and unconditional right to payment because they "would be entitled to a share of any monetary recovery" in this case. Pls. Resp.58. Plaintiffs' argument conflates a fiduciary's duty to make immediate and unconditional payment *under the terms of the trust* (or plan document) with the duty to make payment to plaintiffs if a court finds breach of a discretionary duty. As just noted, § 198(1)'s exception is triggered by the former, not the latter. If a possible entitlement to monetary recovery were enough to create a jury trial right, then the narrow exception in § 198(1) would swallow § 197's broad rule.

Even in *Pereira*, where the court had already entered judgment against the defendants for specific amounts, 413 F.3d at 336, Judge Newman thought it self-evident that the exception in § 198(1) was "inapplicable." *Id*. at 344. As his concurrence explained, "the remedy at law for payment of a sum of money immediately and unconditionally due the beneficiary applies to money in the hands of the trustee that is being wrongfully withheld. An example is money to be paid to

11

a trust beneficiary upon reaching a specified age. *See* Restatement (Second) Trusts, § 198, illustration 1." *Id*. "Apart from this exception," however, "it is black letter law that the beneficiary has an equitable remedy to compel the trustee to redress a breach of trust." *Id*.

### B. Plaintiffs Misinterpret And Misapply *Dixon*.

The single pre-ERISA case Plaintiffs cite for their interpretation of § 198(1) is unavailing. In *Dixon v. Northwest National Bank of Minneapolis*, ." 297 F. Supp. 485 (D. Minn. 1969), the defendant was "alleged to have been under a duty to pay the various plaintiffs rather immediately and quite unconditionally upon termination of employment a sum certain, either in cash or stock, according to their proportional participation in the profit-sharing trust fund." *Id*. at 488. The court found that this duty, expressly set out in the "terms of the trust instrument," *id*. at 487, created an immediate and unconditional obligation sufficient to permit an action at law under § 198(1). As noted above, Plaintiffs point to no similar immediate and unconditional obligation that Cornell incurred under the Plans.

It is not clear why Plaintiffs think *Dixon* and § 198(1) apply only to "former-participant class members." Pls. Resp.58. The *Dixon* court discussed the plaintiffs' employment status because the trust terms provided for profit sharing upon an employee's termination. But nothing in the opinion suggested that the fact that the plaintiffs terminated their employment held any other legal significance.

To the extent Plaintiffs read *Dixon* to allow an action at law whenever a claim may result in a "monetary judgment" that must be paid to the plaintiff (Pls. Resp.58), that broad reading is clearly wrong—and courts have resoundingly rejected it. As one court explained, the word "unconditionally" in § 198 "was intended to mean without the intervention of equity." *Nobile v. Pension Comm. of Pension Plan for Employers of New Rochelle Hosp.*, 611 F. Supp. 725, 729 (S.D.N.Y. 1985). Therefore, the exception does not apply when a plaintiff "presents the traditionally equitable question of whether or not the alleged 'common law trustee' breached its fiduciary duty," because "[u]nless and until that equitable question is resolved in plaintiffs' favor, the alleged trustee is under no duty to make any payment whatsoever." *Id*. Insofar as *Dixon* stands for a contrary proposition, it "misread[s] the cited Restatement section" and its conclusion is "unsound." *Id*.

Many other courts agree, holding that § 198(1) applies where the alleged violation consists of a failure to perform a ministerial act, not merely where a plaintiff claims an entitlement to money damages. *See, e.g.*, *Jo Ann Howard & Assocs., P.C. v. Cassity*, 868 F.3d 637, 648 (8th Cir. 2016) (following *Nobile*); *Moitoso*, 410 F. Supp. 3d at 326-27 (following *Nobile* and rejecting *Dixon*); *Vartanian v. Monsanto Co.*, 880 F. Supp. 63, 72 (D. Mass. 1995) ("[C]ourts have uniformly found that 'entitlement to benefits due immediately and unconditionally' applies only to straightforward breach of contract claims.… In this instance, a

13

complicated claim for breach of a trustee's fiduciary duty—most certainly an equitable claim—is at the bottom of both plaintiffs' claims."). These decisions foreclose Plaintiffs' attempt to radically expand § 198(1).

### C. Plaintiffs' Argument Would Require Decertification.

One final point is that, even if Plaintiffs were correct that "former participants" were entitled to a jury trial—and they are not—that would not mean that a court could "extend" that right "to the entire class," as Plaintiffs (without any citation to legal authority) now claim. Pls. Resp.58-59.

Allowing Plaintiffs to try this case to a jury based on the purported rights of a small subset of absent class members would raise grave concerns about Plaintiffs' typicality and adequacy as class representatives. It would also violate the Rules Enabling Act, which provides that the Federal Rules shall not "enlarge or modify any substantive right." 28 U.S.C. § 2072(b); *see In re Ben Cooper, Inc.*, 896 F.2d 1394, 1403 (2d Cir. 1990) (explaining that Bankruptcy Rule 9015 "was withdrawn in 1987 because bankruptcy courts were relying on it for substantive support for their right to conduct [jury] trials"); *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1173 (6th Cir. 1992) (same); *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1214 (5th Cir. 1986) ("the Federal Rules should not be interpreted to expand the right to jury trial beyond constitutional or statutory grants"). As this Court has recognized, in applying Rule 23 federal courts are "bound" by the Rules Enabling Act, which "underscores

14

the need for caution" and "counsel[s] against adventurous application of the Rule." *Police & Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 109 (2d Cir. 2013) (internal quotation marks and alterations omitted).

In sum, even accepting the premise of Plaintiffs' argument *arguendo*, all Plaintiffs have shown is that they cannot serve as class representatives and that the class must be decertified. But the point is academic because Plaintiffs' premise fails. As shown above, no participants in the Plans, current or former, are entitled to a jury trial on claims that Cornell breached its fiduciary duties under ERISA.

## CONCLUSION

The Court should affirm the judgment of the district court. If the Court reverses and remands, however, the Court should reverse the district court's denial of Cornell's motion to strike the jury demand. The district court denied Cornell's motion only because it thought itself bound by *Pereira*, which is no longer good law. In the event this case proceeds to trial, therefore, this Court should make clear that *Pereira* is not binding, that ERISA plaintiffs are not entitled to a jury trial in suits against a fiduciary for breach of fiduciary duty, and that Plaintiffs here are not entitled to a jury trial on any surviving claims.

Dated: October 18, 2021              Respectfully submitted

                                       /s/ *Nancy G. Ross*

Michelle N. Webster                  Nancy G. Ross
MAYER BROWN LLP              Michael A. Scodro
1999 K Street, NW                Samuel P. Myler
Washington, DC 20006           Jed W. Glickstein
(202) 263-3000                   MAYER BROWN LLP
mwebster@mayerbrown.com    71 South Wacker Drive
                                         Chicago, IL 60606
                                         (312) 782-0600
                                         nross@mayerbrown.com
                                         mscodro@mayerbrown.com
                                         smyler@mayerbrown.com
                                         jglickstein@mayerbrown.com

*Counsel for Defendants-Appellees-Cross-Appellants*
*Cornell University, The Retirement Plan Oversight Committee,*
*and Mary G. Opperman*

16

**CERTIFICATE OF COMPLIANCE**
**WITH TYPEFACE AND WORD-COUNT LIMITATIONS**

I hereby certify that this brief complies with the typeface requirements of Fed.

R. App. P. 32(a)(5); the type style requirements of Fed. R. App. P. 32(a)(6); and the

type volume limitations of Fed. R. App. P. 28.1(e) and L.R. 28.1.1(b) because it is

proportionally faced, has a typeface of 14 point Times New Roman, and contains

3,700 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

*/s/ Nancy G. Ross*
Nancy G. Ross

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October, 2021, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users, who will be served by the appellate CM/ECF system.

*/s/ Nancy G. Ross*
Nancy G. Ross